**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4033**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BARBARNAS M. SUMPTER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (CR-03-356)

———————

Submitted:  December 23, 2004      Decided:  January 24, 2005

———————

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Garryl L. Deas, THE DEAS LAW FIRM, Sumter, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Eric Wm. Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Barbarnas Maurice Sumpter of willfully converting to his own use more than $1000 belonging to the United States by receiving and retaining active duty pay from the United States Air Force when he was not on active duty, in violation of 18 U.S.C. § 641 (2000). On appeal, Sumpter contends that the district court erred by instructing the jury on willful blindness, that the court's willful blindness instruction was inadequate, and that the evidence was insufficient to convict him. We affirm.

Sumpter asserts on appeal that the district court abused its discretion in instructing the jury on willful blindness because the record did not support such an instruction. "A 'willful blindness' . . . instruction 'allows the jury to impute the element of knowledge to the defendant if the evidence indicates that he purposely closed his eyes to avoid knowing what was taking place around him.'" United States v. Ruhe, 191 F.3d 376, 384 (4th Cir. 1999) (quoting United States v. Schnabel, 939 F.2d 197, 203 (4th Cir. 1991)). "A willful blindness instruction is proper when the defendant asserts a lack of guilty knowledge but the evidence supports an inference of deliberate ignorance" on the defendant's part.[*] Id. (internal quotation marks and citations omitted). Our

---

[*]Sumpter also urges us to adopt the Ninth Circuit's approach in United States v. Baron, 94 F.3d 1312 (9th Cir. 1996). We decline to do so. This court rejected that approach in Ruhe, 191 F.3d at 385, and we cannot overrule another panel's decision. See Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th

thorough review of the trial testimony contained in the joint appendix leads us to conclude that the district court did not abuse its discretion in deciding to instruct the jury on willful blindness. See United States v. Hylton, 349 F.3d 781, 789 (4th Cir. 2003) (stating standard of review), cert. denied, 124 S. Ct. 2391 (2004).

Next, Sumpter argues that, to the extent the facts supported a willful blindness instruction, the instruction was inadequate. Sumpter correctly notes that a district court must ensure that a "jury is not permitted to infer [a defendant's] guilty knowledge from a mere showing of careless disregard or mistake." United States v. Guay, 108 F.3d 545, 551 (4th Cir. 1997) (citing United States v. Mancuso, 42 F.3d 836, 846 (4th Cir. 1994)). We have reviewed the district court's instruction in this case and conclude that the instruction was adequate. See United States v. Martin, 773 F.2d 579, 584 (4th Cir. 1985).

Finally, Sumpter contends that the district court erred in denying his motion for judgment of acquittal under Fed. R. Crim. P. 29, because the evidence was insufficient to prove he acted knowingly. We review the district court's decision to deny a Rule 29 motion de novo. United States v. Lentz, 383 F.3d 191, 199 (4th

---

Cir. 2002) ("[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." (internal quotation marks and citation omitted)).

Cir. 2004).  Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).  This Court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)).  We have reviewed the trial testimony in the joint appendix and are convinced that the evidence was sufficient to convict Sumpter.  See United States v. Dien Duc Huynh, 246 F.3d 734, 745 (5th Cir. 2001) (discussing elements of offense); see United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002) ("[W]e do not review the credibility of the witnesses and assume the [factfinder] resolved all contradictions in the testimony in favor of the government.").

Accordingly, we affirm Sumpter's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -